United States District Court
Middle District of Florida
Jacksonville Division

MARK D. SIEVERS,

    Plaintiff,

v.                                         No. 3:26-cv-58-MMH-LLL

CEO STEVEN H. WHEELER, ET AL.,

    Defendants.

_____

### Order

Plaintiff, an inmate of the Florida Department of Corrections (FDC) housed at Union Correctional Institution (UCI), is proceeding pro se on a complaint for violation of civil rights under 42 U.S.C. § 1983, doc. 1. He names ten defendants for an alleged delay in receiving a functioning CPAP machine, which he requires to treat his diagnosed sleep apnea. *See* doc. 1 at 2, 8. Plaintiff alleges that his CPAP machine "stopped functioning" on September 19, 2023, and he was assured a new machine was "being ordered and expedited," but it took nearly two years to receive a properly functioning one. *Id.* at 6, 10–11.

Plaintiff claims to have had "over 50 conversations" with UCI staff (medical and non-medical) over that nearly two-year period about his need for a functioning machine. *Id.* at 11. He alleges that his "life was in grave danger [during] those 22 months because [he] did not have . . . a functioning CPAP device[, and] FDC and Centurion employees alike were well aware of the seriousness of [his] life threatening

situation." *Id.* at 13. Because he did not have a functioning CPAP machine, plaintiff experienced "very irregular sleep patterns," which caused him to suffer physically and emotionally. *Id.* at 12, 14. As relief, plaintiff seeks "proper medical treatment," including "timely replacement of the [CPAP] mask as it is to be routinely replaced throughout the year." *Id.* at 16. He also seeks compensatory and punitive damages. *Id.*

The Court concludes that plaintiff has failed to set forth his claims in accordance with federal pleading standards and, thus, will direct him to amend his complaint. The Federal Rules of Civil Procedure provide in pertinent part, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[a] party must state [his] claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b).

A complaint must allege facts that, accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Although a plaintiff is not required to provide "detailed factual allegations," he must offer more than "naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation marks omitted). A complaint should provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original). One that does not is referred to as a "shotgun pleading." *See*

*Weiland v. Palm Bch. Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). A court must hold a pro se plaintiff to a less stringent standard than a lawyer, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but may not rewrite a deficient complaint for a pro se plaintiff or otherwise serve as his de facto counsel, *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

To state a claim under § 1983, a plaintiff must allege the conduct complained of was committed by a person acting under color of state law, and the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. A claim that a prison medical provider was deliberately indifferent to an inmate's serious medical needs is cognizable under § 1983 as an Eighth Amendment violation. *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). However, when an inmate claims he received inadequate medical care, he must do more than allege the care provided was "subpar or different from what [he] want[ed]." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020). Allegations of medical negligence do not satisfy the stringent deliberate indifference standard. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). *See also Farmer*, 511 U.S. at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence.").

A plausible deliberate indifference claim requires allegations that, accepted as true, would permit the reasonable inference the defendant knew the plaintiff had a serious medical need but acted with "subjective recklessness as used in the criminal

3

law." *Wade v. McDade,* 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc) (quoting in part *Farmer*, 511 U.S. at 839). When multiple defendants are alleged to have been deliberately indifferent to a serious medical need, a plaintiff must explain what each defendant did or failed to do because "imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008). Rather, "[e]ach individual [d]efendant must be judged separately and on the basis of what that person [knew at the relevant time]." *Id.*

Even if an inmate plausibly alleges that a prison medical provider was deliberately indifferent to his serious medical needs, he may not, on that basis alone, proceed on a claim against the medical provider's employer because "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). *See also Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) ("It is axiomatic, in [§] 1983 actions, that liability must be based on something more than a theory of respondeat superior."). Instead, a supervisor can be liable only when the supervisor "personally participates in the alleged unconstitutional conduct or when there is a causal connection" between the supervisor's actions and the constitutional deprivation. *Cottone*, 326 F.3d at 1360.

Plaintiff's complaint is deficient in at least the following ways: he does not describe how each defendant violated his constitutional rights, but rather he seeks to

4

hold all defendants jointly liable for the alleged "prolonged denial of the medically necessary, life affirming prescribed treatment for sleep apnea"; and it appears he seeks to proceed against some defendants solely on a theory of vicarious liability without alleging a causal connection between any individual supervisor's actions and an alleged constitutional violation (*i.e.*, the CEO of Centurion, the Chief Health Officer, Directors, Administrators, the Warden, and the Secretary of the FDC). *See* doc. 1 at 14. Although plaintiff says he had over 50 conversations with UCI or Centurion employees, he does not say with whom or what was discussed. *See id.* at 11. In short, he does not allege what each defendant knew, or how, based on their knowledge, they acted with "subjective recklessness as used in the criminal law." *See Wade,* 106 F.4th at 1255. To the extent the two-year delay in receiving a functioning CPAP machine was due to the negligence of various individuals, they cannot be held liable on a theory of deliberate indifference under § 1983.

If plaintiff wants to proceed, he must file an amended complaint in compliance with federal pleading standards, using the Court-approved form. He must set forth factual allegations against the defendants who allegedly denied or delayed necessary medical care in a manner that can be described as subjectively reckless. At a minimum, plaintiff must alert the defendants to the claim(s) against them and the factual allegations supporting the claim(s), so that they can formulate a responsive pleading. He also must comply with the following instructions:

1. The amended complaint must be marked, "Amended Complaint," and include this case number (**3:26-cv-58-MMH-LLL**).

5

2.      The amended complaint must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation(s).

3.      The amended complaint must state the full names of all defendants (to the extent plaintiff knows them) in the style of the case on the first page and in section I.B.

4.      The list of defendants named on the first page must match the list of named defendants in section I.B.

5.      In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation(s). The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should separately explain the facts giving rise to his individual claims for relief, and he should clearly state how each defendant is responsible for each alleged violation.[1]

6.      In section V, "Injuries," there must be a statement concerning how **each** defendant's action(s) or omission(s) injured plaintiff.

7.      In section VI, "Relief," there must be a statement of what plaintiff seeks through this action, keeping in mind that the Prison Litigation Reform Act "places substantial restrictions on the judicial relief that prisoners can seek . . . ." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (quoting *Al-Amin v. Smith*, 637 F.3d 1192, 1195 (11th Cir. 2011)).

8.      In section VII, "Exhaustion," plaintiff must explain the steps he took to exhaust his administrative remedies, keeping in mind that "[a] prisoner must exhaust each claim that he seeks to present in court." *Arias v. Perez*, 758 F. App'x 878, 881 (11th Cir. 2019) (citing *Jones v. Bock*, 549 U.S. 199, 219–20 (2007)).

Plaintiff must sign and date the amended complaint after the following statement on the form:

---

[1] Plaintiff may attach additional pages, if necessary, but he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

6

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the amended complaint, plaintiff must ensure his assertions are truthful and that he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

An amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, plaintiff's amended complaint must be complete, including all related claims he wishes to raise, and must not refer back to his original complaint.

It is **ordered**:

1.     The **Clerk** shall send plaintiff a Civil Rights Complaint form.

2.     Within **thirty days** of the date of this order, plaintiff must mail an amended complaint to the Court for filing. The amended complaint should comply with the instructions on the form and those provided in this order.

3.      Plaintiff's failure to comply with this order may result in the dismissal of

this case.

**Ordered** in Jacksonville, Florida on March 6, 2026.



/s/ Laura Lothman Lambert
*United States Magistrate Judge*

c:
Mark D. Sievers, #J80689, pro se
    Union Correctional Institution
    P.O. Box 1000
    Raiford, FL 32083